FILED
2026 Sep-10 PM 03:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **AMY PROCTOR GINN,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.: 5:25-cv-02122-MHH** |
| | } | **5:25-cv-2123-MHH** |
| **ALABAMA DEPARTMENT OF HUMAN RESOURCES, *et. al.*,** | } | |
| | } | |
| **Defendants.** | } | |

**MEMORANDUM OPINION AND ORDER**

On December 12, 2025, pursuant to 42 U.S.C. § 1983, Amy Proctor Ginn sued the Morgan County Department of Human Resources, Camille Hayes, Lainie Alexander, and Morgan County Circuit Judge Shelly Waters for alleged constitutional violations. (25-cv-02122, Doc. 1, pp. 1–2). Pursuant to 28 U.S.C. § 2241, Ms. Ginn also filed a petition for a writ of habeas corpus against the Alabama and Morgan County Departments of Human Resources, (25-cv-2123, Doc. 1), and she requested "emergency injunctive relief," (25-cv-02122, Doc. 1, pp. 2, 5; 25-cv-2123, Doc. 10).

On December 16, 2025, the Court held a telephone conference to discuss Ms. Ginn's request for injunctive relief and issues concerning subject matter jurisdiction. (*See* 25-cv-2122, Doc. 5; Minute Entry 12/16/25; 25-cv-02123, Doc. 7; Minute Entry 12/6/25). Consistent with the discussions during the telephone conference,

the Court requested briefing on the *Rooker-Feldman* doctrine as it relates to the Court's subject matter jurisdiction over this action. (*See* 25-cv-2122, Doc. 6; 25-cv-02123, Doc. 8).

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Ms. Hayes, Ms. Alexander, and the Morgan County DHR moved to dismiss Ms. Ginn's civil complaint for lack of subject matter jurisdiction. (25-cv-02122, Doc. 9).[1] Because the factual background for Ms. Ginn's civil suit and for her habeas petition is the same and because similar jurisdictional considerations apply, the Court addresses both matters in this opinion.

***

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Because federal courts may handle only certain types of lawsuits, a district court must ensure that it has jurisdiction over a lawsuit before a case may proceed. *See Burr & Forman v. Blair*, 470 F.3d 1019, 1035 n.38 (11th Cir. 2006) (citation omitted). Ms. Ginn bears the burden of

[1] The Clerk of Court docketed the defendants' response as a motion to dismiss, but the response is entitled "defendants' joint submission of legal authority." (Doc. 9). The style of the defendants' filing does not affect the Court's analysis because district courts have a continuing obligation to ensure that federal subject matter jurisdiction exists. *See Belleri v. United States*, 712 F.3d 543, 548 (11th Cir. 2013).

establishing the Court's subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (citations omitted).

***

Ms. Ginn's allegations concern a child custody proceeding in Morgan County, Alabama. (25-cv-02122, Doc. 1; 25-cv-2123, Doc. 1).[2] On November 10, 2025, Ms. Ginn gave birth to "Baby G" in Tennessee. (Doc. 1, p. 4, ¶ 1). Ms. Ginn alleges that she and Baby G's father, Mr. Ginn, live in Camden, Tennessee; Baby G "has never lived in Alabama." (Doc. 1, p. 4, ¶¶ 2–3).

On Monday, November 24, 2025, Alabama DHR contacted Ms. Ginn and demanded "proof that she took [Baby G] to the doctor." (Doc. 1, p. 5, ¶ 5). Ms. Ginn responded by providing proof that she was at the doctor's office when DHR contacted her regarding Baby G. (Doc. 1, p. 5, ¶ 6). Nevertheless, DHR "filed a motion for shelter care" in Morgan County Circuit Court. (Doc. 1, p. 5, ¶ 7). Judge Waters ordered the Ginns to bring Baby G to the Morgan County courthouse by 3:30 p.m. (Doc. 1, p. 5, ¶ 9). Mr. Ginn brought Baby G to the courthouse, and Judge Waters ordered that Baby G be taken into state custody. (Doc. 1, p. 5, ¶ 10; Doc. 11, p. 18).

---

[2] Unless otherwise indicated, the documents the Court cites in this section of this opinion refer to documents the parties filed in Case 22-cv-2122.

During a hearing on DHR's shelter care motion, DHR admitted that it had "no evidence of harm, no medical neglect, no immediate danger, [and] no drug use." (Doc. 1, p. 5, ¶ 8).[3] DHR also admitted that it did not know Baby G's father. (Doc. 1, p. 5, ¶ 8). Nonetheless, according to Ms. Ginn, the state circuit court ordered that Baby G must remain in state custody, "ICPC for Tennessee," and permitted Ms. Ginn to have 30-minute supervised visits. (Doc. 1, p. 5, ¶ 10).[4]

***

The nature of the state proceedings involving the Ginns and Baby G impacts this federal court's ability to address the merits of Ms. Ginn's claims. "The federal judiciary has traditionally abstained from deciding cases concerning domestic relations." *Alliant Tax Credit 31, Inc. v. Murphy*, 924 F.3d 1134, 1146 (11th Cir. 2019) (quoting *Ingram v. Hayes*, 866 F.2d 368, 369 (11th Cir. 1988) (per curiam)). Accordingly, federal district courts "may not 'issue divorce, alimony, and child custody decrees.'" *Alliant Tax Credit 31, Inc.*, 924 F.3d at 1146 (quoting *Stone v.*

[3] It is not clear from the record whether Baby G was taken into custody before or after the shelter care hearing, and it is not clear from the record whether these events happened on November 24, 2025, or whether these events happened between November 24, 2025, and November 26, 2025. (*Compare* Doc. 1, p. 5 *with* Doc. 11, pp. 6, 18).

[4] A copy of the state trial court's order does not appear in the record. The Court has attempted to access the underlying state trial court proceedings, but it has not been successful, likely because the matter involves a minor and custody proceedings.

The Court understands "ICPC" to reference the Interstate Compact on the Placement of Children. *See* ALA. CODE § 44-2-20.

*Wall*, 135 F.3d 1438, 1440 (11th Cir. 1998)) (in turn quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)). Under the *Rooker-Feldman* doctrine, this Court lacks jurisdiction to review, correct, or otherwise adjust the state-court custody decision regarding Ms. Ginns's child. *Mason v. Mobile Cnty. Cir. Clerk,* No. 23-12775, 2024 WL 1803091, at *1 (11th Cir. Apr. 25, 2024) (stating that, "to the extent [the plaintiff] asked the district court to review, correct, or overturn the state child support and driver's license suspension orders against him, the district court lacked subject-matter jurisdiction to review those claims under the *Rooker-Feldman*

doctrine").[5] Thus, the Court cannot grant Ms. Ginn's request for custody of her child.[6]

---

[5] *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923), and *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). "The *Rooker-Feldman* doctrine places limits on the subject matter jurisdiction of federal district courts . . . over certain matters related to previous state court litigation." *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001) (emphasis in *Goodman*). The Eleventh Circuit has applied *Rooker-Feldman* "several times in the context of child custody issues, and [the Court] ha[s] held that [it] cannot interfere with final judgements rendered by state courts." *Thomas v. Disanto*, 762 Fed. Appx. 770, 773 (11th Cir. 2019) (citing *Goodman*, 259 F.3d at 1332–33). The Court considers the shelter care order a final state court order. *See Lynn v. Wilson*, No. 1:14-cv-2208, 2015 WL 5162478, at *9–10 (N.D. Ala. Sept. 1, 2015); *see also Ginn v. Alabama DHR et al.*, No. 5:25-cv-2123-MHH, Doc. 10, p. 2 (stating that Ms. Ginn "filed an appeal of the state court's shelter care order, regarding custody of Z.L.G.") (bold omitted). The *Rooker-Feldman* doctrine does not apply when "the plaintiff had no 'reasonable opportunity to raise [her] federal claim in state proceedings.'" *Goodman*, 259 F.3d at 1332 (quoting *Powell v. Powell*, 80 F.3d 464, 467 (11th Cir. 1996)). The record does not indicate that Ms. Ginn lacked a "reasonable opportunity to raise [her] federal claims" in the shelter care hearing. *Goodman*, 259 F.3d at 1332.

Some circuits have recognized an exception to the *Rooker-Feldman* doctrine when a state court's judgement is "void *ab initio* due to a lack of the state court's jurisdiction." *Casale v. Tilman*, 558 F.3d 1258, 1261 (11th Cir. 2009) (collecting cases). To date, the Eleventh Circuit has "not adopted that exception." *Nash v. Fifth District Court of Appeals*, 806 Fed. Appx. 870, 872 (11th Cir. 2020) (citing *Casale*, 558 F.3d at 1261). Therefore, the Court will not examine whether the state court lacked jurisdiction to issue the shelter care order regarding the custody of Z.L.G. That is a matter for the state trial and appellate courts to address with respect to state child custody issues. *See* ALA. CODE 1975 § 30-3B-201, *et seq.*; *see also J.B. v. A.B.*, 888 So. 2d 528, 530 (Ala. Ct. Civ. App. 2004); *Gray v. Gray*, 139 So. 3d 802, 808 (Ala. Ct. Civ. App. 2013); *Ex parte Hollaway*, 218 So. 3d 853, 855 (Ala. Ct. Civ. App. 2016).

[6] Although Ms. Ginn labeled her complaint as one "for declaratory relief, injunctive relief, and damage," (Doc. 1, p. 1), she does not appear to request an award of damages in this case. To the extent that she seeks compensation, the Court lacks jurisdiction over her claims. Alabama DHR is an arm of the State of Alabama. *Mason,* No. 23-12775, 2024 WL 1803091, at *2 (citing *Lightfoot v. Henry Cnty. Sch. Dist*., 771 F.3d 764, 768 (11th Cir. 2014)); *see* Ala. Code § 38-2-1 (establishing the Alabama State Department of Human Resources). Under the Eleventh Amendment, the State of Alabama is immune from lawsuits for damages. U.S. Const. amend. XI; *Lightfoot*, 771 F.3d at 768. The Morgan County DHR is not a legal entity capable of being sued; Morgan County DHR is a division or office of the Alabama DHR. *See County Office Contacts*, ALA. DEP'T HUMAN RESOURCES, https://dhr.alabama.gov/county-office-contact/, last accessed Sept. 8, 2026 (listing county office contacts).

Additionally, the Federal Courts Improvement Act bars Ms. Ginn's claims against Judge Waters. Through that legislation, Congress "amended § 1983 to provide that 'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (quoting Pub.L. No. 104–317, 110 Stat. 3847 (1996)). Ms. Ginn does not allege that Judge Waters violated a declaratory decree.

Finally, the Court lacks jurisdiction over Ms. Ginn's petition for habeas relief. In her habeas petition, Ms. Ginn cites *Lehman v. Lycoming County Children's Service*, 458 U.S. 502 (1982), for the proposition that a federal court may grant

---

The individual DHR defendants, Ms. Hayes and Ms. Alexander, also have protection under the Eleventh Amendment from a claim for damages from them for their official acts. *See Melton v. Abston*, 841 F.3d 1207, 1233 (11th Cir. 2016); *see also Nichols v. Ala. State Bar*, 815 F.3d 726, 733 (11th Cir. 2016) (stating that federal district courts lack subject matter jurisdiction over official capacity claims against Alabama state employees); *Barnes v. Zaccari*, 669 F.3d 1295, 1309 (11th Cir. 2012). To the extent Ms. Ginn has sued Ms. Hayes and Ms. Alexander in their individual capacities, to pursue an individual capacity claim under § 1983, Ms. Ginn must demonstrate that Ms. Hayes and Ms. Alexander, "acting under the color of state law, caused the deprivation of a federal right." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Ms. Ginn has not pleaded factual allegations concerning Ms. Hayes and Ms. Alexander's conduct. Accordingly, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court dismisses Ms. Ginn's claims against Ms. Hayes and Ms. Alexander to the extent that Ms. Ginn seeks relief from these defendants in their individual capacities.

habeas relief where state custody violates federal law. Ms. Ginn misunderstands the *Lehman* decision.

In *Lehman*, the United States Supreme Court held that 28 U.S.C. § 2254 does not give federal courts jurisdiction to review state court decisions concerning child custody and parental rights. 458 U.S. 502 at 516. The Supreme Court explained:

> Although a federal habeas corpus statute has existed ever since 1867, federal habeas has never been available to challenge parental rights or child custody. Indeed, in two cases, the Court refused to allow the writ in such instances. *Matters v. Ryan*, 249 U.S. 375 (1919); *In re Burrus*, 136 U.S. 586 (1890). These decisions rest on the absence of a federal question, but the opinions suggest that federal habeas corpus is not available to challenge child custody. Moreover, federal courts consistently have shown special solicitude for state interests "in the field of family and family-property arrangements." *United States v. Yazell*, 382 U.S. 341, 352 (1966). Under these circumstances, extending the federal writ to challenges to state child-custody decisions—challenges based on alleged constitutional defects collateral to the actual custody decision—would be an unprecedented expansion of the jurisdiction of the lower federal courts.

458 U.S. at 511–12. Pursuant to *Lehman*, this Court lacks jurisdiction to consider Ms. Ginn's request for habeas relief.[7]

***

[7] Ms. Ginn asserts her habeas petition under § 2241. (See 22-cv-2123, Doc. 1). Ms. Ginn has not identified, and the Court has not located, Eleventh Circuit authority that suggests that the Supreme Court's holding in *Lehman* concerning § 2254 habeas petitions does not apply equally to habeas petitions under § 2241.

For the reasons stated, the Court lacks jurisdiction over Ms. Ginn's claims. Accordingly, the Court dismisses Ms. Ginn's civil action and Ms. Ginn's habeas petition without prejudice.

The Clerk of Court shall please enter this opinion in Cases 5:25-cv-02122-MHH and 5:25-cv-2123-MHH. The Clerk of Court shall please TERM Docs. 1 and 9 in Case 22-cv-2122 and Docs. 2, 3, and 10 in Case 22-cv-2123 and close the cases.

The Clerk shall please mail a copy of this order to Ms. Ginn.

**DONE** and **ORDERED** this September 10, 2026.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE